

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jabari-Gyasi Goodwin, *as Director of the Estate of Jabari Gyasi Goodwin*, <br>                    Plaintiff, <br><br>vs. <br><br>PALMETTO CITIZENS FEDERAL CREDIT UNION and MICHAEL BEAM, CFO, <br>                    Defendants. | § <br> § <br> § <br> § <br> § <br> §     CIVIL ACTION 3:24-7234-MGL <br> § <br> § <br> § |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jabari-Gyasi Goodwin, as Director of the Estate of Jabari Gyasi Goodwin (Goodwin), filed this pro se lawsuit against Defendants Palmetto Citizens Federal Credit Union and Michael Beam, CFO (Defendants).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgement be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 14, 2025, but Goodwin failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

On December 11, 2025, Goodwin filed a second response in opposition to Defendants' motion for summary judgment. Suffice it to say the arguments contained therein are insufficient to convince the Court any of his claims should go forward.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendants' motion for summary judgment is **GRANTED**; and Goodwin's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 5th day of January, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

Goodwin is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.